UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDERICK HARVEY GRUMBLEY,

        Petitioner,

v.                                           Case Number: 10-10240-BC
                                              Honorable Thomas L. Ludington

BARRY DAVIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR IMMEDIATE CONSIDERATION AND TO EXPAND THE RECORD AND OVERRULING OBJECTION TO ORDER REQUIRING RESPONSIVE PLEADING**

On January 19, 2010, Petitioner Frederick Harvey Grumbley, a state inmate currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Petitioner also filed a motion seeking to expand the record [Dkt. # 3] and a motion for immediate consideration of his petition [Dkt. # 5]. He also filed an objection [Dkt. # 9] to the Court's March 4, 2010 order requiring a responsive pleading. For the reasons stated, the motions will be denied and the objection will be overruled.

Petitioner first requests that the Court expand the record to include the taped recordings of his trial. Rule 7 (a) of the Rules Governing § 2254 cases, 28 U.S.C. foll. § 2254, provides that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." A federal district court judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to

include evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing. *Blackledge v. Allison*, 431 U.S. 63, 81-82 (1977). The respondent's answer and the Rule 5 materials are not due until September 2, 2010. After the Court receives those documents and has an opportunity to review them, the Court will expand the record if it needs to be expanded. The motion [Dkt. # 3] will be denied.

Petitioner next asserts that because he is unlawfully imprisoned on "false, unlawful charges," delaying the response time will cause him hardship and prejudice. He requests that the Court limit the response time to forty days, and that the Court address his petition immediately.

Petitioner must persuade the Court that there is a need for the immediate review of his habeas petition by demonstrating an independent basis for such consideration. *See Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748, 756 (2d Cir. 1998); *Danish News Co. v. City of Ann Arbor*, 517 F.Supp. 86, 88 (E.D. Mich. 1981). In order to determine whether Petitioner's habeas petition should be immediately considered, the Court will look at the subject matter of the habeas petition and the remedy he seeks, and any prejudice or hardship the parties may incur as a result of the Court's initial determination and subsequent decision to grant or deny habeas relief. *See Media Access Project v. F.C.C.*, 883 F.2d 1063, 1071 (D.C.Cir. 1989); *Castillo v. Pratt*, 162 F.Supp.2d 575, 576 (N.D. Tex. 2001).

Petitioner has not shown "good cause" to expedite a ruling on his habeas petition. He has not demonstrated that reviewing the issue in the Court's normal course would be prejudicial to his interest or constitute undue delay in light of the fact that the response and the Rule 5 materials have not yet been filed. Also, he has not advanced a compelling justification to limit the response time in this case. The motion [Dkt. # 5] is therefore denied.

Finally, on March 4, 2010 Magistrate Judge R. Steven Whalen signed an order requiring respondent to answer the petition and submit Rule 5 materials by September 2, 2010. On April 2, 2010, Petitioner filed an objection, indicating his belief that the Magistrate Judge's order was out of place in light of his pending motions to expand the record and for immediate consideration of his petition. The objection will be overruled for the same reasons both motions were denied: there is no compelling justification for immediate consideration of the petition or expansion of the record at this time.

Accordingly, it is **ORDERED** that Petitioner's motion to expand the record [Dkt. # 3] is **DENIED**.

It is further **ORDERED** that Petitioner's motion for immediate consideration and to limit response time [Dkt. # 5] is **DENIED**.

It is further **ORDERED** that Petitioner's objection to the order requiring a responsive pleading [Dkt. # 9] is **OVERRULED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 10, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 10, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS