UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDERICK H. GRUMBLEY,

      Petitioner,

v.                                      Civil Action Number: 1:10-cv-10240-BC
                                      Honorable Thomas L. Ludington

DANIEL HEYNES,

      Respondent,
_____/

**ORDER DENYING PETITIONER'S MOTION FOR IMMEDIATE CONSIDERATION**

On January 19, 2010, Petitioner Frederick H. Grumbley filed a pro se petition for a writ of habeas corpus under 28 U.S .C. § 2254, challenging his convictions for possession of child sexually abusive material, extortion, child sexually abusive activity, possession of a weapon by a felon, and felony firearm. Petitioner was convicted following a jury trial in the Circuit Court in Saginaw County, Michigan. He was sentenced, as a fourth-offense habitual offender, to concurrent prison terms of twenty-four to fifty years for the extortion, child-sexually-abusive-activity, and felon-in-possession convictions and five to fifteen years for the possession-of-child-sexually-abusive-material conviction, to be served consecutive to Michigan's mandatory two-year prison term for the felony-firearm conviction.

On April 23, 2012, Petitioner moved for immediate consideration of his habeas petition. ECF No. 18. Requesting that the Court expedite its decision because of his ailing health, Petitioner writes that he is experiencing "worsening / degenerative scoliosis in his neck region and middle back area."

The priority given to civil cases in the federal district courts is established by 28 U.S.C. § 1657, which provides in pertinent part:

> Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action . . . if good cause therefor is shown.
>
> For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit.

28 U.S.C.A. § 1657(a) (paragraph break supplied).

Thus, to merit immediate consideration of a habeas petition, a petitioner must demonstrate good cause. *See, e.g.*, *Zundel v. Gonzales*, 230 F. App'x 468, 471 (6th Cir. 2007) (finding good cause existed for expedited hearing because deportation was imminent); *Juenemann v. Bell*, No. 2:07-CV-13761, 2009 WL 224684 (E.D. Mich. Jan. 30, 2009) ("Petitioner has moved for expedited consideration of his petition, based on the fact that he is 85 years old. In light of his advanced age, petitioner has shown good cause to expedite a ruling on his petition for habeas relief . . . because petitioner has shown that any delay could potentially be highly prejudicial to him."); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001) ("[Petitioner] has not shown good cause to expedite a ruling on his petition for habeas relief . . . . He has not shown that, in the factual context of this case, his petition has such merit that expedited consideration is warranted.").

In this case, although the Court is sympathetic to the chronic pain that Petitioner's scoliosis causes, Petitioner has not alleged the type of good cause, prejudice, or imminent harm that merits expedited consideration, as illustrated by cases such as *Zundel* and *Juenemann*. Petitioner's motion for expedited consideration will be denied.

Accordingly, it is **ORDERED** that Petitioner's motion for immediate consideration (ECF No. 18) is **DENIED**.

Dated: May 7, 2012

                                      s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 7, 2012.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS