UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDERICK H. GRUMBLEY,

Petitioner,

v.                                            No. 1:10-cv-10240-BC
                                              Honorable Thomas L. Ludington
DANIEL HEYNES,

        Respondent,
_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION FOR AN APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

     A Michigan state jury convicted Petitioner Frederick H. Grumbley of extortion, child-sexually-abusive activity, felon in possession of a firearm, and possession of child-sexually-abusive material.[1]  For the first three convictions, Petitioner was sentenced to concurrent sentences of 24 to 50 years.  For the possession of child-sexually-abusive material conviction, he was sentenced to a concurrent term of five to 15 years.  And for the felon in possession of a firearm conviction, he was sentenced to a mandatory consecutive two-year term.

     Petitioner now seeks a writ of habeas corpus from this Court pursuant to 28 U.S.C. § 2254.  In his petition, Petitioner raises six claims.  First, he contends that the prosecution, the judge, and his counsel knowingly allowed perjured testimony and falsified evidence to be used against him.  Second, his bindover was improper.  Third, his conviction was unlawful.  Fourth, his Fourth Amendment rights were violated.  Fifth, his trial and appellate counsel were ineffective.  And sixth, pertinent testimony was omitted from the trial-court transcripts.

---

[1] Petitioner was acquitted of two counts of second-degree criminal sexual conduct.

Because claims one, two, three, five, and six are procedurally defaulted, and claim four is not cognizable on federal habeas review, the petition will be denied. Additionally, a certificate of appealability will be denied, as will leave to proceed in forma pauperis on appeal.

**I**

The Michigan Court of Appeals summarized the facts of the case, which are presumed correct under § 2254(e)(1), as follows:

> The charges against defendant arose out of an allegation by his 13 year-old half-sister that defendant had sexually abused her on two occasions (once when she was seven and once when she was twelve). The victim also alleged that defendant had been pressuring her to make a sexually explicit film with one of her male friends, and threatened that he would have the male friend charged with statutory rape if she refused to have sex with the friend and allow defendant to videotape it. The victim advised her parents of the matter and then recounted the incidents to the police, also indicating that defendant had informed her he had child pornography on his home computer. Defendant was arrested at his home the next day and a jury trial followed. After being convicted of five of the seven charges brought against him, defendant was sentenced as an habitual offender, fourth offense, to a prison term of 24 to 50 years on the extortion, attempt to prepare child sexually abusive material, and felon in possession charges; a term of 5 to 15 years on the count of possession of child pornography, to be served concurrently with the 24 to 50 year term; and a term of 2 years on the felony-firearm conviction, to be served preceding and consecutive with the sentences on the other charges.

*People v. Grumbley*, No. 261275, 2006 WL 3751427, at *1 (Mich. Ct. App. Dec. 21, 2006) (footnote and internal citation omitted). As noted, the jury found Petitioner guilty. And he was sentenced as described above.

Petitioner appealed to the Michigan Court of Appeals, raising two arguments. First, he argued that his counsel was ineffective for failing to file a motion to suppress the evidence seized from his home. Second, he argued that he was entitled to a directed verdict on the extortion charge because the statute requires that a threat be made directly to the person or his or her

family, and the only threat Petitioner made was with respect to a friend of the victim. On December 21, 2006, the Court of Appeals affirmed his convictions. *Grumbley*, 2006 WL 3751427, at 1, 7. On February 2, 2007, the Court of Appeals denied Petitioner's motion for reconsideration. *People v. Grumbley*, No. 261275 (Mich. Ct. App. Feb. 2, 2007). The Michigan Supreme Court denied his application for leave to appeal on September 10, 2007. *People v. Grumbley*, 737 N.W.2d 726 (Mich. 2007) (unpublished table op.). Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.

Instead, in October 2007 Petitioner filed a habeas petition, raising the same claims raised in the state appellate courts and adding claims alleging that he was denied adequate appellate review due to the omission of testimony from the transcripts and that trial and appellate counsel were ineffective due to trial counsel's conflict of interest and appellate counsel's omissions. The case was assigned to The Honorable Lawrence P. Zatkoff. In April 2008, Respondent filed a motion to dismiss on the basis that the petition contained unexhausted claims. Petitioner then filed a response requesting a stay. On May 5, 2008, Judge Zatkoff issued an order denying Petitioner's request for a stay and granting Respondent's motion to dismiss. *Grumbley v. Trombley*, No. 07-14291 (E.D. Mich. May 5, 2008).

On May 5, 2008, Petitioner filed a motion for relief from judgment with the state trial court, raising the following claims: (1) the prosecution, the judge, and his counsel knowingly allowed perjured testimony and falsified evidence to be used against him to obtain a conviction; (2) he was convicted of extortion with Chad Fuoss as the named victim when the district court did not bind over the charge with Fuoss as the named victim, which led him to being unlawfully imprisoned; (3) he was unlawfully convicted of child-sexually-abusive activity, with Chad Fuoss

and M.G. as the named victims; (4) he was denied adequate appellate review due to testimony being omitted from the court transcripts; and (5) he was not provided effective assistance of trial or appellate counsel. On July 21, 2008, the trial court issued an opinion and order denying the motion, citing Michigan's court rule 6.508(D)(3) as a reason for the denial. *People v. Grumbley*, No. 04-024013-FC-1 (Saginaw Cnty. Cir. Ct. July 21, 2008).

In October 2008, Petitioner filed a delayed application for leave to appeal the trial court's denial of his post-conviction motion with the Michigan Court of Appeals, along with a motion to remand. On December 15, 2008, the Court of Appeals issued an order that provided:

> The delayed application for leave to appeal and motion to remand are DISMISSED for failure to pursue the case in conformity with the rules. MCR 7.201(B)(3) and 7.216(A)(10). The Clerk of this Court provided notice regarding the nature of the defect in this filing, and the defect was not corrected in a timely manner by providing this Court with the required additional copies of the pleadings. MCR 7.205(F)(1) and MCR 7.205(B)(1).

*People v. Grumbley*, No. 288580 (Mich. Ct. App. Dec. 15, 2008). On October 7, 2009, the Michigan Supreme Court denied his application for leave to appeal and his motion to remand. *People v. Grumbley*, 773 N.W.2d 15 (Mich. 2009) (unpublished table op.).

Petitioner then filed this habeas petition.

## II

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996), which governs this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue a writ of habeas corpus only if the state-court decision "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (1)-(2); *see Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998). Mere error by the state court does not justify issuance of the writ. Rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520–21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotation marks omitted)).

Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) ("The court gives complete deference to state court findings of historical fact unless they are clearly erroneous.").

Emphasizing the limited scope of this review, the Supreme Court writes that "[a] state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 785–86 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III

#### A

Petitioner, as noted, raises six claims for relief. All but the fourth have been procedurally defaulted.

**1**

Before seeking federal habeas relief, a petitioner must raise his claims in state court in accordance with that state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). A procedural default occurs when a petitioner does not comply with a state procedural rule, the procedural rule is relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir.2005). To determine whether a state court relied upon a procedural rule in denying relief, this Court must look to the last reasoned state court judgment. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–05 (1991).

Here, Petitioner's first, second, third, fifth, and sixth habeas claims have been procedurally defaulted. The first time Petitioner raised these was in his motion for relief from judgment filed with the state trial court, which the court denied on procedural grounds. The court cited Michigan Court Rule 6.508(D)(3) and concluded that Petitioner had shown neither cause nor prejudice for not raising them earlier. (As noted, on direct review Petitioner initially made only two arguments.) This procedural default presumptively bars these five claims.

**2**

When a state court denies relief on independent and adequate state procedural grounds, as in this case, a petitioner may only obtain habeas review by either showing cause for noncompliance and actual prejudice, or that failure to review the claims would result in a fundamental miscarriage of justice. *See Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001). This Petitioner does not do.

While Petitioner asserts ineffective assistance of appellate counsel as cause to excuse the procedural default of these claims, he does not demonstrate that appellate counsel was ineffective.

Appellate counsel's performance is evaluated under the standards articulated in *Strickland v. Washington*, 466 U.S. 668, 690 (1984). To demonstrate ineffective assistance of counsel, Petitioner must first show that counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Additionally, he must demonstrate prejudice, which requires establishing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Moreover, judicial scrutiny of counsel's performance is "highly deferential." *Id.* at 689.

Here, Petitioner's appellate counsel filed a brief on appeal on his behalf and raised several claims. While appellate counsel did not raise every conceivable claim on direct appeal, the United States Supreme Court has held that failure to raise every colorable argument does not constitute ineffective assistance of appellate counsel. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (observing that a defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal). The Supreme Court explains:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail."

*Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).

Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Here, Petitioner does not show that by omitting the claims presented in his motion for relief from judgment appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel presented two legitimate and viable issues in Petitioner's direct appeal. As noted, counsel first argued that Petitioner's trial counsel was ineffective for not moving to suppress evidence seized from Petitioner's home. And counsel argued that Petitioner was entitled to a directed verdict on the extortion charge because the only threat made was with respect to a friend of the victim, not the victim herself. Counsel's conduct was within the wide range of professionally competent assistance required under the Sixth Amendment to the Federal Constitution.

When a petitioner has failed to establish cause for his procedural default, as in this case, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir.1983). These five claims are procedurally defaulted.

Moreover, Petitioner has not presented any reliable evidence supporting an assertion of actual innocence. Consequently, a miscarriage of justice will not occur if the Court declines to review the claims on the merits. *See Schlup v. Delo*, 513 U.S. 298, 326-27 (1995) (observing that a claim of actual innocence "requires a petitioner to support his allegations of constitutional error with new reliable evidence"); *Bousley v. United States*, 523 U.S. 614, 624 (1998) (actual innocence means "factual innocence, not merely legal insufficiency"). Petitioner's first, second, third, fifth, and sixth claims for relief will be denied.

### B

In his fourth habeas claim, Petitioner alleges that his rights under the Fourth Amendment were violated. This claim lacks merit.

### 1

In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court established that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Id.* at 494–95 (footnotes omitted).

In the Sixth Circuit, a two-step analysis is used to determine whether a defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in state court: "First, the court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (internal quotation marks and citation

omitted).  If both inquiries are satisfied, federal habeas review of the Fourth Amendment claim is precluded, even if the Court were to deem the state-court determination of the claim to have been in error.  *Markham v. Smith*, 10 F. App'x 323, 326 (6th Cir. 2001).

Michigan has such a procedural mechanism — a motion to suppress.  *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005); *People v. Ferguson*, 135 N.W.2d 357 (Mich. 1965) (describing the availability of a pre-trial motion to suppress).  Michigan appellate courts also provide a mechanism to review Fourth Amendment claims when it appears the evidence in question affected the outcome of the trial.  *Kelley v. Jackson*, 353 F. Supp. 2d 887, 893 (E.D. Mich. 2005) (noting that the court of appeals concluded that Petitioner had failed to properly raise the issue, reviewed the claim for plain error, and denied relief).  Because Michigan provides a procedural mechanism for raising a Fourth Amendment claim, Petitioner may only demonstrate entitlement to relief if he establishes that presentation of his claim was frustrated by a malfunctioning of that mechanism.  This Petitioner does not do.

Petitioner did not object to the validity of the search warrant in the trial court.  Rather, he first asserted — at the appellate level — that counsel was ineffective for failing to move to suppress the illegally seized evidence.  The Michigan Court of Appeals disagreed, explaining that "the facts in the record do not support defendant's contention that a motion to suppress the evidence based on the constitutionality of the arrest and/or search would have been meritorious or that such a motion would have been outcome determinative."  *Grumbley*, 2006 WL 3751427, at *2.  Because Petitioner has not demonstrated that the Michigan courts' mechanism for evaluating Petitioner's Fourth Amendment claim malfunctioned, his claim is not cognizable and he is not entitled to relief.

**2**

Although Petitioner's Fourth Amendment claim is not cognizable on habeas review under *Stone*, he is not precluded from raising a Sixth Amendment claim on the basis of his counsel's not litigating the claim. In *Kimmelman v. Morrison*, 477 U.S. 365 (1986), the Supreme Court held that notwithstanding *Stone* a claim of ineffective assistance of counsel can include a claim that trial counsel failed to competently litigate an issue under the Fourth Amendment. *Id*. at 383; *see Joshua v. DeWitt*, 341 F.3d 430, 437 (6th Cir. 2003).

To prevail on this type of ineffective assistance claim, a petitioner must demonstrate that the state court's conclusion regarding his Fourth Amendment claim was an unreasonable application of *Strickland*. *Cathron v. Jones*, 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). Further, "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman*, 477 U.S. at 375. Thus, Fourth Amendment and Sixth Amendment ineffective counsel claims are not identical — they "have separate identities and reflect different constitutional values." *Id.*

Here, Petitioner contends that defense counsel should have moved to suppress illegally seized evidence. The Court of Appeals concluded that the challenged evidence was admissible, explaining:

> The officers involved in this case testified that the search of defendant's home took place pursuant to defendant's consent. Detective May testified that she was the one who asked defendant for permission to search the trailer and that defendant said she could search the trailer and take whatever she needed. Deputy Henige and Sergeant Garabelli also testified that Detective May requested that

they be allowed to search his house, and defendant consented to the search. Indeed, even defendant admitted at trial that he consented to a search of his home, cooperated fully with the search, and signed a written consent that neither specified the object of the search nor limited the search in any manner. Rather than testifying that he never gave consent to the search or that he consented out of fear, defendant instead testified that he consented to the search because, although he admittedly downloaded child pornography onto a computer disk, he forgot that he had the disk in the house.

. . .

At trial, defendant acknowledged consenting to the search of his home, corroborated numerous facts included in police descriptions of the search and of defendant's arrest, mentioned nothing at all about feeling scared, intimidated, or threatened, and actually provided an explanation for allowing the police to conduct this search even though defendant — by his own admission — had been using his computer and recordable media to obtain child pornography. Considering the totality of the circumstances — including defendant's age, prior experience with law enforcement, level of education (high school graduate with some college), lack of any evidence of drug or alcohol intoxication, lack of evidence of violence or threats of violence by police, the relatively short duration of the police detention, the location of that detention being defendant's home, the presence of an adult female and young child in that location, defendant's testimony regarding his belief that he had already destroyed or discarded his collection of child pornography, and numerous additional examples of defendant voluntarily waiving constitutional rights despite his awareness of those rights, we conclude that the consent to search given by defendant was the product of his own free will. Additionally, the search was carried out within the scope of defendant's voluntarily given consent. It was therefore permissible for officers to seize the evidence from defendant's home without the benefit of a warrant. The items seized were either in plain view or were found in the spots where defendant told the officers to look.

In sum, given the subject matter of the investigation, the nature of the information provided by witnesses during the interviews conducted prior to the search, and the limitless scope of defendant's consent, it is reasonable to conclude that: (1) the officers had probable cause to conduct the search, (2) defendant's voluntary, limitless consent vitiated the need for officers to obtain a search warrant, (3) the incriminating nature of the items seized was readily apparent, and (4) the officers' search never exceeded the scope of defendant's consent. The evidence was therefore admissible.

*Grumbley*, 2006 WL 3751427, at \*3-4.  Because Petitioner did not demonstrate that a motion to suppress the evidence would have been meritorious, his claim of ineffective assistance of counsel lacks merit.  Petitioner is not entitled to habeas relief.

## IV

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1) (a); Fed.R.App.P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336–37.  When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484-85.  When a procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. *Id.*  In such a case, no appeal is warranted.  *Id.*

Here, a reasonable jurists would not conclude that the above conclusions are debatable.  A certificate of appealability will not be issued.

## VI

Accordingly, it is **ORDERED** that Petitioner's petition for a writ of habeas corpus (ECF No. 1) is **DENIED**.

It is further **ORDERED** that a certificate of appealability and permission for an application for leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: December 19, 2012

                                      s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and upon Frederick Grumbley, #501014 at Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442 by first class U.S. mail on December 19, 2012.

                         s/Tracy A. Jacobs
                         TRACY A. JACOBS