UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDERICK H. GRUMBLEY,

        Petitioner,

v.                                                              No. 1:10-cv-10240-BC
                                                                Honorable Thomas L. Ludington

DANIEL HEYNES,

        Respondent,

_____/

**ORDER DENYING  PETITIONER'S MOTION FOR RECONSIDERATION**

A Michigan state jury convicted Petitioner Frederick H. Grumbley of extortion, child-sexually-abusive activity, felon in possession of a firearm, and possession of child-sexually-abusive material.  For the first three convictions, Petitioner was sentenced to concurrent sentences of 24 to 50 years imprisonment.  For the possession of child-sexually-abusive material conviction, he was sentenced to a concurrent term of  five to 15 years.  And for the felon in possession of a firearm conviction, he was sentenced to a mandatory consecutive two-year term.

Petitioner then sought a writ of habeas corpus from this Court.  ECF No. 1.  A state prisoner, the mandatory statutory requirements of 28 U.S.C. § 2254 applied.  *See Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006) (discussed below).  Petitioner nevertheless sought to have his petition reviewed pursuant to 28 U.S.C. § 2241.  ECF No. 15.  The motion was granted. ECF No. 17.

In December 2012, the Court denied Petitioner's petition for a writ of habeas corpus. ECF No. 22.  Petitioner moves for reconsideration.  ECF No. 24.  For the reasons that follow, the motion will be denied.

**I**

Local Rule 7.1 provides that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."  E.D. Mich. L.R. 7.1(h)(3); *see Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

**II**

**A**

Petitioner's primary contention is that the Court erred because it "did not review Mr. Grumbley's habeas petition pursuant to 28 U.S.C. § 2241(c)(3) and (d), and instead reviewed the habeas petition pursuant to 28 U.S.C. § 2254, which does not apply to a § 2241 petition."  Pet'r's Mot. for Reconsideration ¶ 3.

Petitioner's assertion lacks merit.  As the Sixth Circuit explains, "When a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements . . . apply no matter what statutory label the prisoner has given the case."  *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006) (quoting *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001)). Indeed, the Sixth Circuit emphasizes, § 2254 is "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade

the requirements of § 2254." *Id*. Thus, regardless of whether Petitioner's motion for review pursuant to pursuant § 2241 was granted, the statutory requirements of § 2254 applied.

**B**

Next, Petitioner asserts that the Court erred in concluding that Petitioner had procedurally defaulted five of his claims. Pet'r's Mot. ¶ 3. Petitioner writes: "The Michigan Supreme Court is the last state court and the court never stated that Mr. Grumbley was procedurally barred." *Id*. ¶ 4.

Again, Petitioner's assertion lacks merit. As the Court previously explained, to determine whether a state court relied upon a procedural rule in denying relief, this Court must look to the last reasoned state court judgment. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–05 (1991). Here, Petitioner's first, second, third, fifth, and sixth habeas claims have been procedurally defaulted. The first time Petitioner raised these was in his motion for relief from judgment filed with the state trial court, which the court denied on procedural grounds. The court cited Michigan Court Rule 6.508(D)(3) and concluded that Petitioner had shown neither cause nor prejudice for not raising them earlier. *People v. Grumbley*, No. 04-024013-FC-1 (Saginaw Cnty. Cir. Ct. July 21, 2008). Neither the Michigan Court of Appeals nor the Michigan Supreme Court issued a reasoned judgment after this order. *People v. Grumbley*, 773 N.W.2d 15 (Mich. 2009) (unpublished table op.); *People v. Grumbley*, No. 288580 (Mich. Ct. App. Dec. 15, 2008).

**C**

Next, Petitioner asserts that the Court erred in presuming the Michigan Court of Appeals summary of the facts of the case correct. Pet'r's Mot. ¶¶ 9–10.

As the Court previously explained, however, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) ("The court gives complete deference to state court findings of historical fact unless they are clearly erroneous."). And, as noted, the requirements of § 2254 "apply no matter what statutory label the prisoner has given the case." *Rittenberry*, 468 F.3d at 336.

Petitioner does not identify a palpable defect in the Court's order.

**D**

The remainder of Petitioner's contentions similarly do not identify any palpable defects. Reiterating his objection to the Court's conclusion regarding procedural default, for example, Petitioner writes that "it would be a fundamental miscarriage of justice to not review all Mr. Grumbley's claims." Pet'r's Mot. ¶ 7. He explains (in part) that "court transcripts were altered to protect the judge, prosecutor, and defense counsel. Yet this federal court doesn't want to address these issues, wouldn't that be a miscarriage of justice? Mr. Grumbley thinks it will." *Id*. ¶ 25.

Although Petitioner undoubtedly believes that his unsupported assertions demonstrate a miscarriage of justice, the Supreme Court has established that such assertions are not sufficient. *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995). To excuse his procedural default, Petitioner must support his claim with "new reliable evidence." *Id*. As the Supreme Court explains:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly

deserving, this Court explicitly tied the miscarriage of justice exception to the petitioner's innocence. . . .

To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial.

*Id.* at 321, 324 (1995).

Here, as the Court previously noted, Petitioner has not presented any new reliable evidence supporting an assertion of actual innocence. Consequently, a miscarriage of justice will not occur if the Court declines to review the claims on the merits. *Id.*

Petitioner does not identify a palpable defect in the Court's order.

### E

A Michigan state jury found Petitioner guilty of extortion, child-sexually-abusive activity, felon in possession of a firearm, and possession of child-sexually-abusive material. This Court found that those convictions did not violate Petitioner's federal constitutional rights. Petitioner has not given this Court reason to reconsider that decision.

### III

Accordingly, it is **ORDERED** that Petitioner's motion for reconsideration (ECF No. 24) is **DENIED**.

Dated: January 16, 2013

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Frederick Grumbley, #501014 at Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442 by first class U.S. mail on January 16, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS